| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, STATE OF COLORADO<br>Court Address: 100 Jefferson County Parkway, Golden, CO 80401<br>Phone Number: 720-772-2500<br><br>**Plaintiff(s):** GUADALUPE MENDOZA and BRYAN MENDOZA<br><br>**Defendant(s):** AMERICAN AUTO SALES AND LEASING, INC.<br><br>ATTORNEYS FOR PLAINTIFF:<br>Wynkoop Law Office, PLLC<br>Richard B. Wynkoop, Atty. Reg. #32006<br>Susan G. Thomas, Atty Reg. #30443<br>3705 Kipling St., Ste. #201<br>Wheat Ridge, CO 80033<br>Phone Number:720-855-0451<br>Fax Number: 720-855-0469<br>E-mail: rickwynkoop@yahoo.com | DATE FILED: July 20, 2021 1:31 PM<br>FILING ID: 58D2679342629<br>CASE NUMBER: 2021CV30778<br><br><br>▲ COURT USE ONLY ▲<br><br>Case Number<br><br>Division |
| **COMPLAINT AND JURY DEMAND** ||

**COMES NOW** Plaintiffs by and through the undersigned attorneys, to file this Complaint stating as follows:

## I. BACKGROUND

**A. The Parties**

1. Plaintiff, Guadalupe Mendoza and his son Bryan are natural persons.

2. Defendant American Auto Sales and Leasing, Inc. is a Colorado corporation with its principal place of business located at 4800 W. Colfax Denver, Colorado and its registered agent Mike Haupt is found at the same address.

3. Venue and jurisdiction are proper in the District Court of Jefferson County.

4. Defendant is a licensed (License #3246) used car dealership subject to the laws and regulations propounded by the General Assembly and the Colorado Dealer Board.

**EXHIBIT B**

**B.     The Facts**

4.  On or about June 12, 2021 Plaintiffs inquired about purchasing a 2013 Kia Optima with a VIN# 5XXGN4A872DG200143 from Defendant.

5.  The parties negotiated and Defendant sold the car to Plaintiffs for $9,995.00 plus taxes and fees, for a total sale price of $11,086.94.

6.  Defendant prepared the Retail Installment Sales Contract (RISC) which was entered into by Plaintiffs.

7.  The RISC was unconditional.

8.  Defendant guaranteed Plaintiffs that financing was certain.

9.  On June 12, 2021, Defendant made Plaintiff's wait at the dealership until the dealership got a callback from BHFC Financial approving assignment of the RISC from the dealership to BHFC Financial.

10. Defendant wrote down "BHFC Financial 602-548-1615" on the envelope given the Plaintiffs.

11. Defendant told Plaintiffs that they would be making their payments to BHFC Financial.

12. Plaintiffs were assured by Defendant that financing was certain and final as BHFC Financial would take assignment of the RISC between the Plaintiffs and the Dealer.

13. Plaintiff's approval for the consumer credit transaction was not final.

14. Defendant completed a bill of sale and federal odometer statement (DR2407) for the vehicle identifying the Plaintiffs as the buyers.

15. Defendant cause a Colorado Vehicle Registration to be issued identifying the Plaintiffs as the Registered Owners of the Kia.

16. Plaintiff paid the Defendant a down payment on the car.

17. C.R.S. §44-20-101 states that "the sale and distribution of motor vehicles affects the public interest".

18. C.R.S. §44-20-101 is a legislative declaration of public interest.

19. A short time after Plaintiffs purchase the Kia, Defendant contacted Bryan Mendoza and told him that they had a document for him to sign.

**EXHIBIT B**

20. Bryan Mendoza went to the dealership on June 23, 2021 at which time he was presented with a new RISC and told he must sign it.

21. The June 23rd RISC differed in material respects from the RISC signed June 12, 2021.

22. The Finance Charge increased from $3524.45 on the June 12th RISC to $4331.00 on the June 23rd RISC.

23. The Total of Payments increased from $12,628.59 on the June 12th RISC to $13,435.20 on the June 23rd RISC.

24. The Total Sale Price increased from $14,628.59 on the June 12th RISC to $15,435.00.

25. Each of these categories (Finance Charge, Total of Payments, Total Sale Price) are required by the Truth in Lending Act to be accurately disclosed.

26. Guadalupe Mendoza never signed the June 23rd RISC.

27. On July 6, 2021, Defendant called Bryan Mendoza and told him that Defendant could not assign the RISC to a lender as the Kia had a Salvage title and he would have to return the vehicle to Defendant.

28. Bryan Mendoza asked if he would be receiving his down payment back and was told by Defendant he would not.

29. The Kia does not have a Salvage title.

30. According to CARFAX, the Kia had been in three accidents, none of which were disclosed to Plaintiffs.

## First Cause of Action
## Fraud

31. The Defendant made a false representation of a past or present fact in guaranteeing that Plaintiffs were financed.

32. The General Assembly has identified this falsehood as a deceptive trade practice. C.R.S. 6-1-708(1)(a)(I).

33. The fact was material in Plaintiffs taking delivery of the car.

34. Defendant made the representation knowing it to be false or was aware that he or she did not know whether it was true or false.

**EXHIBIT B**

35. The Defendant made the representation with the intent that the Plaintiffs rely on it and pay for it.

36. The reliance was justified.

37. The reliance caused damage to the Plaintiffs.

### Second Cause of Action
### Violation of the Colorado Consumer Protection Act

38. In this consumer transaction, Defendant violated the prohibition under C.R.S. §6-1-708 (1)(a)(I) by misrepresenting that Plaintiffs' credit had been approved while Defendant knew the transaction was not approved.

39. C.R.S. §6-1-708(1)(a)(I) is a *per se* deceptive trade practices.

40. This deceptive trade practice impacts the public as actual or potential consumers of Defendant's products.

41. These deceptive trade practices have impacted other consumers in the past.

42. These deceptive trade practices will impact other consumers in the future.

43. Plaintiffs suffered a loss as a result of this violation of the Colorado Consumer Protection Act.

### Third Cause of Action
### Truth in Lending Act

44. The subject vehicle was bought for personal, family or household use.

45. The sale of the subject vehicle by Defendant was a consumer credit transaction.

46. Defendant violated the Truth in Lending Act 15 U.S.C. 1601 *et seq*. and Regulation Z by failing to deliver accurate disclosures as required by the Truth in Lending Act prior to the consummation of the sale including the following:

    a. By failing to disclose accurately the "Finance Charge," in violation of 15 U.S.C. §1638(a)(3), and Regulation Z, 12 C.F.R. § 226.18(d) and 226.4;
    b. By failing to disclose accurately the "Total of Payments" in violation of 15 U.S.C. §1638(a)(5) and Regulation Z, 12 C.F.R. § 226.18(h);
    c. By failing to disclose accurately the "Annual Percentage Rate," in violation of 15 U.S.C. §1638(a)(4) and Regulation Z, 12 C.F.R. §226.18(e);
    d. By failing to disclose accurately the Total Sale Price in violation of 15 U.S.C. §1638(a)(7) and Regulation Z, 12 C.F.R. §226.18(j);

  e. By failing to disclose accurately the "amount financed" in violation of 15 U.S.C. §1638(a)(2) and Regulation Z, 12 C.F.R. § 226.18(b).

47. Pursuant to the Truth in Lending Act the Plaintiffs are entitled to actual damages, statutory damages up to $4,000, reasonable attorney fees and costs.

## Fourth Cause of Action
## Violation of C.R.S. §13-21-122

48. Pursuant to C.R.S. §18-5-102;

(1) A person commits forgery, if, with intent to defraud, such person falsely makes, completes, alters, or utters a written instrument which is or purports to be, or which is calculated to become or to represent if completed:

  ( c) A deed, will, codicil, contract, assignment, commercial instrument, promissory note, check, or other instrument which does or may evidence, create, transfer, terminate, or otherwise affect a legal right, interest, obligation, or status;

49. In preparing the forged RISC, Defendant used Plaintiffs "personal identifying information" alone and in conjunction with other information to identify Guadalupe Mendoza.

50. Defendant committed forgery by falsifying the signatures of Guadalupe Mendoza to the RISC of June 23, 2021.

51. C.R.S. §13-21-122(1) provides for "a private civil right of action against the perpetrator who committed the crime, regardless of whether the perpetrator was convicted of the crime."

52. Pursuant to C.R.S. §13-21-122(1) Plaintiffs are entitled to actual damages, including, but not limited to damage to reputation or credit rating, punitive damages, and attorney fees and costs.

## Fifth Cause of Action
## Breach of Contract

53. Plaintiffs and Defendant entered into a Retail Installment Sales Contract for the sale of a vehicle.

54. Defendant breached the RISC by repudiating the contract and instructing Plaintiffs to return the car.

55. Plaintiffs have upheld their obligations as specified by the contract.

56. Defendant's actions have cause Plaintiffs' damages.

**EXHIBIT B**

**WHEREFORE**, Plaintiffs requests that the Court:

    A.    Award damages to which Plaintiffs are entitled for all causes of action including interest;

    B.    Award expenses of litigation and costs;

    C.    Award Plaintiffs' attorneys fee;

    D.    Grant Plaintiffs other relief the Court deems appropriate and just.

### III.    DEMAND FOR JURY

Plaintiffs hereby demand for trial by jury in the within cause of action.

**RESPECTFULLY** submitted this XX day of July, 2021.

    *s/Richard Wynkoop*
    Richard B. Wynkoop, #32006
    The Wynkoop Law Office, P.L.L.C.
    3705 Kipling St., Ste. 201
    Wheat Ridge, CO 80033
    ATTORNEYS FOR PLAINTIFF(S)

**EXHIBIT B**